UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-00257-SVW (OPx) | | Date | April 25, 2012 |
|---|---|---|---|---|
| Title | JAY GARNETT, et. al. v. AURORA LOAN SERVICES, LLC, et. al. | | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER Re Plaintiffs' Motion to Remand and Defendants' Motion to Dismiss [18] [5]

### I.   INTRODUCTION

On January 11, 2012, Plaintiffs Jay and Doris Garnett filed the instant action in Riverside County Superior Court in connection with efforts to modify their home loan. Plaintiffs' Complaint names Aurora Loan Services, LLC ("Aurora"), US Bank, N.A. ("US Bank") and Cal-Western Reconveyance Corporation ("Cal-Western") as Defendants and lists the following seven causes of action: (1) Intentional Misrepresentation; (2) Negligent Misrepresentation; (3) Negligence; (4) Breach of Fiduciary Duty; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Unfair Business Practices - False Advertising pursuant to Cal. Bus. and Prof. Code § 17200; and (7) False Advertising pursuant to Cal. Bus. & Prof. Code § 17500. (Complaint, ¶¶ 81 - 146).

On February 21, 2012, Defendants US Bank and Aurora removed the case to this Court pursuant to Federal Question Jurisdiction and Diversity Jurisdiction. 28 U.S.C. §§ 1441 and 1446. (Dkt. No. 1). Defendants claim that federal question jurisdiction exists because "Plaintiffs' _entire_ complaint is premised on Defendants' alleged violations under HAMP," the Home Affordable Modification Program created by the Making Homes Affordable Act. (Dkt. No. 1) (emphasis in original). Defendants claim that diversity jurisdiction exists because two of the three Defendants are diverse from Plaintiffs and the amount in controversy exceeds $75,000. (Dkt. 1 ¶ 7). Defendants also claim that the non-diverse Defendant is a "nominal party" that does not destroy diversity. (Id.).

On March 22, 2012, Plaintiffs filed the instant Motion to Remand in which they argue that Defendants fail to show that Plaintiffs' Complaint (1) establishes federal question jurisdiction; and (2) establishes complete diversity of the parties as required for diversity jurisdiction. (Motion to Remand, Dkt. No. 18).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-00257-SVW (OPx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | JAY GARNETT, et. al. v. AURORA LOAN SERVICES, LLC, et. al. | | |

JS - 6

Plaintiffs' Motion to Remand is GRANTED for the reasons set forth in this Order.[1] The hearing scheduled for Monday April 30, 2012 at 1:30 p.m. is hereby VACATED.

**II.     DISCUSSION**

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

**A.     Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction.  Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986).  To give rise to federal question jurisdiction, the state law claim must raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.  Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005).  If no federal private cause of action exists, federal courts will flout congressional intent by exercising federal question jurisdiction and providing remedies for violations of that federal statute solely because the violation of the federal statute is claimed to be a "proximate cause" under state law.  Merrell, 478 U.S. at 811.

Here, Plaintiffs allege that Defendants' violations of HAMP establish proximate cause for their state law causes of action.  Specifically, Plaintiffs claim that while Defendants held themselves out as "HAMP compliant," they were not.  (Compl. ¶¶ 82-83)  Plaintiffs allege that by so doing, Defendants

---

[1] On February 27, 2012, Defendants US Bank and Aurora filed the instant Motion to Dismiss Plaintiffs' complaint. (Dkt. No. 5).  Defendants US Bank and Aurora claim that Plaintiffs entire complaint is barred because each cause of action is based on alleged violations of HAMP, and there is no private right of action under HAMP.  (Dkt. No. 5 at 8).  The Court declines to consider Defendants' Motion to Dismiss in light of the Court's finding that remand is appropriate.

|   |   | : |   |
|---|---|---|---|
|   | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-00257-SVW (OPx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | JAY GARNETT, et. al. v. AURORA LOAN SERVICES, LLC, et. al. | | |

JS - 6

induced Plaintiffs to cease making mortgage payments under the guise of HAMP guidelines, which in turn caused Plaintiffs to ultimately suffer foreclosure. (Id.).

It is well established that there is no private cause of action under HAMP. See, e.g. Carlos v. Bank of Amer. Home Loans, et al., No. 10-1966, 2011 U.S. Dist. LEXIS 6211, *3 (C.D. Cal. Jan. 13, 2011).[2] Therefore, no federal question is presented simply because some of Plaintiffs' state law claims may incorporate or turn upon allegations of HAMP violations. See Sanany v. Wells Fargo Bank, No. 11-1460, 2012 U.S. Dist. LEXIS 8537, *3 (E.D. Cal. Jan. 24, 2012); Preciado v. Ocwen Loan Servicing, No. 11-1487, 2011 U.S. Dist. LEXIS 32279, *4 (C.D. Cal. Mar. 18, 2011); Carlos, No. 10-1966, 2011 U.S. Dist. LEXIS 6211, at *3 (C.D. Cal. Jan 13, 2011). Accordingly, Defendants' attempt to remove the case to this Court on the basis of Federal Question jurisdiction was deficient.

**B.   Diversity Jurisdiction**

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Defendant Cal-Western is a citizen of California. (Dkt. No. 1). Plaintiffs are residents of California (Compl. ¶ 1). Defendants incorrectly contend that Defendant Cal-Western's Declaration of Non-Monetary Status, pursuant to California Civil Code § 2924, establishes Defendant Cal-Western as a nominal party that should not be considered in determining whether diversity of citizenship exists. (Dkt. No. 1). "A joinder is fraudulent if there is no real intention to get a joint judgment and there is no colorable ground for so claiming." William W. Schwarzer, A. Wallace Tashima, and James W. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial § 2:2323 (2011) (internal quotations omitted). A defendant bears the burden of showing fraudulent joinder. See Ritchey v.

---

[2] Numerous district courts within the Ninth Circuit have held that there is no express or implied private right of action to sue lenders or loan servicers for violation of HAMP. Velasco v. Aurora Loan Servs. LLC, No. 11-04784, 2012 U.S. Dist. LEXIS 21490, *5-6 (C.D. Cal. Feb. 21, 2012); (citing Cleveland v. Aurora Loan Serv., LLC, et al., No. 11-0773, 2011 U.S. Dist. LEXIS 55168, at *4 (N.D. Cal. May 24, 2011) (collecting cases)).

: 

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:12-CV-00257-SVW (OPx) | Date | April 25, 2012 |
|---|---|---|---|
| Title | JAY GARNETT, et. al. v. AURORA LOAN SERVICES, LLC, et. al. | | |

JS - 6

Upjohn Drug. Co., 139 F.3d 1313, 1320 (9th Cir. 1998).  The Declaration of Non-Monetary Status does not show that Plaintiffs have no possibility of recovery against Defendant Cal-Western.  Therefore, Defendant Cal-Western is not fraudulently joined and complete diversity is lacking.[3]

### III.   CONCLUSION

Plaintiffs' Motion to Remand is granted for the reasons set forth in this Order.  Accordingly, the Court declines to address Defendants' Motion to Dismiss.  The hearing scheduled for Monday April 30, 2012 at 1:30 p.m. is hereby VACATED.

---

[3] The Court notes that it ruled on the identical issue of diversity between Defendant Cal-Western and Plaintiffs in the related case of Jay Garnett, et. al.  v. Aurora Loan Services, LLC, et al., 11-CV-0827-SVW (OPx).

:

Initials of Preparer         PMC